# Exhibit A

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 083013)
JOHN R. LOFTUS (State Bar No. 126841)
CRYSTAL Y. JONELIS (State Bar No. 265335)
2029 Century Park East
Los Angeles, CA 90067-3086
Telephone:  310-556-5800
Facsimile:   310-556-5959
Email:       *lacalendar@stroock.com*

BREWER, ATTORNEYS & COUNSELORS
MICHAEL L. SMITH (Admitted Pro Hac Vice)
750 Lexington Avenue, 14th Floor
New York, New York 10022
Telephone:      212-489-1400
Facsimile:      212-489-2384
Email:          *wab@brewerattorneys.com*

Attorneys for Defendant
  WSI (II) - HWP, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF VENTURA

| | |
|---|---|
| TRIYAR HOSPITALITY MANAGEMENT, L.L.C., an Arizona limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> WSI (II) - HWP, LLC, a Delaware limited liability company, WHEELOCK STREET CAPITAL L.L.C., a Delaware limited liability company, HYATT CORPORATION, a Delaware corporation, and DOES 1-20, inclusive, <br><br> Defendants. | Case No. 56-2015-00462600-CU-BC-VTA <br><br> [Assigned to the Hon. Vincent J. O'Neill, Dept. 41] <br><br> **NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS IN THE AMOUNT OF $4,725,203.65** <br><br> [Declarations of Julia B. Strickland and Michael L. Smith filed concurrently herewith] <br><br> Date:  April 13, 2017 <br> Time: 8:30 a.m. <br> Dept.  41 <br> Reservation No. 2226545 <br><br> Action Filed: October 6, 2014 <br> Trial Date:     September 7, 2016 |

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

TO TRIYAR HOSPITALITY MANAGEMENT, L.L.C. AND ITS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on April 13, 2017, at 8:30 a.m., or as soon thereafter as the matter may heard before the Honorable Vincent O'Neill in Department 41 of the above-titled court, located at 800 S. Victoria Avenue, Ventura, California 93009, Defendant WSI (II) – HWP, LLC ("WSI") will and hereby does move this Court for an award of attorneys' fees in the amount of $4,604,373.25 and costs in the amount of $120,830.40 against Plaintiff Triyar Hospitality Management, L.L.C.

WSI brings this motion pursuant to California Civil Code section 1717 and California Code of Civil Procedure sections 1021, 1032 and 1033.5 on the grounds that (a) this case arises out of a written contract; (b) the contract expressly provides for the award of attorneys' fees and costs to the prevailing party; and (c) WSI prevailed and is thus entitled to its attorneys' fees and costs.

This Motion will be based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declarations of Julia B. Strickland and Michael L. Smith, the pleadings and records on file herein, such further papers as may be filed in connection with this Motion and such further argument and evidence as may be presented in connection with the hearing on this Motion.

Dated:  February 21, 2017

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
JOHN R. LOFTUS
CRYSTAL Y. JONELIS

BREWER, ATTORNEYS & COUNSELORS
MICHAEL L. SMITH (Admitted Pro Hac Vice)

By: _____
Julia B. Strickland

Attorneys for Defendant
WSI (II) - HWP, LLC

- 1 -
NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

# TABLE OF CONTENTS

Page

I.      INTRODUCTION .................................................................................................. 1

II.     RELEVANT BACKGROUND ............................................................................. 1

        A.      The Underlying Contract Provides For Attorneys' Fees and Costs. ........... 1

        B.      Relevant Procedural Background. ................................................................ 1

                1.      Plaintiff Files A Series Of Complaints Requiring Significant Motion Practice. ......................................................................................... 1

                2.      The Parties Conduct Discovery And Depositions. ............................ 3

                3.      The Parties Move For Summary Judgment And/Or Adjudication. ..... 4

                4.      The Parties Designate Experts. .......................................................... 5

                5.      The Court Conducts A Bench Trial. ................................................... 5

                6.      Plaintiff Objects To The Statement Of Decision. .............................. 6

III.    LEGAL ARGUMENT .......................................................................................... 7

        A.      WSI Is Entitled To Recover Its Fees And Costs On The Contract Claims. ............... 7

        B.      WSI Also Is Entitled To Recover Its Fees And Costs On The Tort Claims ............... 7

        C.      WSI Should Be Awarded Attorneys' Fees And Costs In The Amount Of $4,725,203.65. ...................................................................................... 10

                1.      The Number Of Hours Claimed By WSI Is Reasonable. ................ 11

                2.      The Requested Hourly Rates Are Reasonable. ................................ 13

                3.      WSI's Litigation Expenses Are Reasonable. .................................. 15

IV.     CONCLUSION ................................................................................................... 15

NY 76424493

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

# TABLE OF AUTHORITIES

**Page(s)**

**California Cases**

Abdallah v. United Sav. Bank,
43 Cal. App. 4th 1101 (1996), as modified on denial of reh'g (Mar. 22, 1996) ...........................9

Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.,
47 Cal. App. 4th 464 (1996) .................................................................................................15

Brown Bark III, L.P. v. Haver,
219 Cal. App. 4th 809 (2013) ................................................................................................7

Chinn v. KMR Prop. Mgmt.,
166 Cal. App. 4th 175 (2008) ................................................................................................8

Christian Research Inst. v. Alnor,
165 Cal. App. 4th 1315 (2008) .............................................................................................10

Cruz v. Ayromloo,
155 Cal. App. 4th 1270 (2007) .........................................................................................8, 10

deSaulles v. Cmty. Hosp.,
62 Cal. 4th 1140 (2016) ........................................................................................................8

Ellis v. Mihelis,
60 Cal. 2d 206 (1963) ..........................................................................................................11

G.R. v. Intelligator,
185 Cal. App. 4th 606 (2010) ...............................................................................................12

Gonzales v. Pers. Storage, Inc.,
56 Cal. App. 4th 464 (1997), as modified on denial of reh'g (Aug. 7, 1997) ..............................8

Hsu v. Abbara,
9 Cal. 4th 863 (1995) ............................................................................................................7

Mardirossian & Assocs, Inc. v. Ersoff,
153 Cal. App. 4th 257 (2007) ...............................................................................................10

Maynard v. BTI Grp., Inc.,
216 Cal. App. 4th 984 (2013) ................................................................................................8

Miske v. Bisno,
204 Cal. App. 4th 1249 (2012), as modified on denial of reh'g (May 3, 2012) ..........................8

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

PLCM Grp., Inc. v. Drexler,
  22 Cal. 4th 1084 (2000)................................................................10, 13

Scott Co. of Cal. v. Blount, Inc.,
  20 Cal. 4th 1103 (1999)......................................................................7

Thompson v. Miller,
  112 Cal. App. 4th 327 (2003)..............................................................8

Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC,
  185 Cal. App. 4th 1050 (2010)...........................................................15

Weber v. Langholz,
  39 Cal. App. 4th 1578 (1995)............................................................10

Xuereb v. Marcus & Millichap, Inc.,
  3 Cal. App. 4th 1338 (1992)...............................................................7

**Federal Cases**

Banas v. Volcano Corp.,
  47 F. Supp. 3d 957, 965 (N.D. Cal. 2014).........................................14

Californians for Disability Rights, Inc. v. Cal. Dep't of Transp.,
  No. C 06-5125 SBA, 2011 WL 8180376 (N.D. Cal. Feb. 2, 2011) .....14

Kohler Co. v. DomainJet, Inc.,
  No. 11-CV-1767 BEN KSC, 2013 WL 1411940 (S.D. Cal. Apr. 8, 2013) ...............14

Logtale, Ltd. v. IKOR, Inc.,
  No. 11-CV-05452-EDL, 2016 WL 7743405 (N.D. Cal. Oct. 14, 2016)...............14

NWS Corp. v. Dish Network, LLC,
  No. 13CV2247-GPC BGS, 2014 WL 769175 (S.D. Cal. Feb. 25, 2014) ...............14

Perfect 10, Inc. v. Cybernet Ventures, Inc.,
  No. CV 01-2595 LGB (SHX), 2004 WL 7320714 (C.D. Cal. Feb. 17, 2004)...............13

Perfect 10, Inc. v. Giganews, Inc.,
  No. CV 11-07098-AB SHX, 2015 WL 1746484 (C.D. Cal. Mar. 24, 2015)...............14

PSM Holding Corp. v. Nat'l Farm Fin. Corp.,
  No. CV0508891MMMFMOX, 2015 WL 11652518 (C.D. Cal. May 19, 2015) ...............14

Wynn v. Chanos,
  No. 14-CV-04329-WHO, 2015 WL 3832561 (N.D. Cal. June 19, 2015)...............14

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.,
No. 12-CV-04634-SI, 2015 WL 4932248 (N.D. Cal. Aug. 18, 2015) ........................................13

**Statutes**

Cal Civ. Code § 1717 ...............................................................................................................7

Cal. Civ. Proc. Code § 1021 ....................................................................................................7

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case arose out of a written contract between Plaintiff Triyar Hospitality Management, L.L.C. ("Plaintiff") and Defendant WSI (II) - HWP, LLC ("WSI"), the Agreement for Sale and Purchase of Hotel ("SPA") dated May 23, 2014.  The SPA expressly provides for recovery by the prevailing party in litigation of its attorneys' fees and costs.  Following motion practice and a nearly month-long bench trial, WSI prevailed as to all claims.  Accordingly, pursuant to the SPA, WSI now seeks $4,725,203.65 in attorneys' fees and costs pursuant to the SPA and California law.

### II.    RELEVANT BACKGROUND

**A.    The Underlying Contract Provides For Attorneys' Fees and Costs.**

The SPA contains a broad "Attorneys' Fees" clause, which provides as follows:

> If either party shall engage the services of counsel for the purpose of enforcing any of the rights or remedies of said party hereunder or under any Closing Document (or defend itself in any proceeding brought against it by the other party), then, in addition to any relief to which said party shall otherwise be entitled, the prevailing party shall be entitled to reimbursement for its reasonable attorneys' fees, expenses and other costs of any such proceeding.

(Declaration of Julia B. Strickland ("Strickland Decl."), Ex. A at § 17.05.)

**B.    Relevant Procedural Background.**

**1.    Plaintiff Files A Series Of Complaints Requiring Significant Motion Practice.**

On October 6, 2014, Plaintiff commenced this action against WSI and Wheelock Street Capital L.L.C. ("Wheelock") in Los Angeles Superior Court, alleging claims for specific performance, breach of contract, breach of the implied covenant of good faith and fair dealing, fraud by concealment, negligent misrepresentation, unjust enrichment and injunctive relief. (Strickland Decl., ¶ 3.)  Plaintiff also named two Wheelock representatives, Patrick Campbell ("Campbell") and Timothy Hodes ("Hodes" and together with Campbell, Wheelock and WSI, "Initial Defendants"), as defendants to the tort and unjust enrichment causes of action.  (Id.)

On November 5, 2014, Initial Defendants filed a Motion to Transfer Venue ("Venue Motion"). (Id. at ¶ 4.)  In the Venue Motion, Initial Defendants contended that Plaintiff incorrectly filed suit in Los Angeles County despite that it was seeking to recover property located in Ventura

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 1 -

County. (Id.) On December 2, 2014, after briefing and oral argument, the Los Angeles Superior Court granted the Venue Motion and transferred the action to Ventura County. (Id. at ¶ 5.)

On November 10, 2014, Initial Defendants filed a Demurrer as to all causes of action and a Motion to Strike, seeking to strike Plaintiff's request for punitive and consequential damages, which Initial Defendants contended were barred by the SPA. (Id. at ¶ 6.) While the Demurrer was pending, Plaintiff filed a Motion for Summary Judgment, arguing that Plaintiff is entitled to judgment as a matter of law on its specific performance claim. (Id. at ¶ 7.)

On February 20, 2015, after extensive briefing and oral argument, the Court sustained the Demurrer as to all but one of the causes of action with leave to amend. (Id. at ¶ 8.) The Court also granted the Motion to Strike in part, striking the request for punitive damages. (Id.) Because no operative complaint was on file, the Court took Plaintiff's pending Motion for Summary Judgment off calendar, but not before WSI incurred costs reviewing the motion and researching Plaintiff's claims. (Id. at ¶ 9.)

On March 18, 2015, Plaintiff sought ex parte leave to amend its Complaint to add Hyatt Corporation ("Hyatt") as a defendant to new causes of action for fraud, aiding and abetting fraud and intentional interference with contract. (Id. at ¶ 10.) Initial Defendants did not oppose Plaintiff's request. (Id.) The Court granted Plaintiff's ex parte application. (Id.) That same day, Plaintiff filed the First Amended Complaint ("FAC"). (Id. at ¶ 11.) Plaintiff did not name Campbell or Hodes in the FAC, thereby dismissing them. (Id.)

On April 17, 2015, WSI and Wheelock (collectively, "WSI Defendants") filed a Demurrer to the FAC ("FAC Demurrer") and a Motion to Strike portions of the FAC because Plaintiff, once again, sought punitive damages notwithstanding the Court's earlier ruling striking Plaintiff's punitive damages claim. (Id. at ¶ 12.) On May 4, 2015, Hyatt filed a Demurrer to the FAC ("Hyatt Demurrer") as to all causes of action and a Motion to Strike. (Id. at ¶ 13.) On June 26, 2015, after extensive briefing and oral argument, the Court sustained the FAC Demurrer as to the unjust enrichment cause of action without leave to amend and granted the Motion to Strike. (Id. at ¶ 14.) The Court also sustained the Hyatt Demurrer in its entirety, without leave to amend. (Id.) On July 24, 2015, WSI Defendants filed their Answer to the FAC. (Id. at ¶ 15.)

- 2 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

On July 13, 2015, Plaintiff filed a motion for reconsideration of the Court's order with respect to the Hyatt Demurrer ("Reconsideration Motion"). (Id. at ¶ 16.) In particular, Plaintiff requested that the Court reconsider its decision to sustain the Hyatt Demurrer without leave to amend. (Id.) On August 12, 2015, the Court granted the Reconsideration Motion and permitted Plaintiff to file the Second Amended Complaint ("SAC"). (Id.)

On September 15, 2015, Hyatt filed a Demurrer to the SAC. (Id. at ¶ 17.) While the Demurrer to the SAC was pending, Plaintiff sought ex parte leave to file a third amended complaint, in which Plaintiff sought to add claims against WSI Defendants and Hyatt for promissory estoppel and fraud. (Id.) WSI Defendants and Hyatt filed written oppositions to the ex parte, and the Court denied Plaintiff's ex parte request after oral argument. (Id.)

On November 17, 2015, the Court sustained Hyatt's Demurrer to the SAC as to Plaintiff's causes of action for aiding and abetting fraud, negligent misrepresentation and promissory estoppel without leave to amend, leaving only a claim for fraud against Hyatt. (Id. at ¶ 18.)

On November 20, 2015, Plaintiff filed a Motion for Leave to file a Third Amended Complaint ("Motion for Leave"), seeking to add promissory estoppel claims against WSI Defendants and Hyatt. (Id. at ¶ 19.) WSI Defendants and Hyatt opposed the Motion for Leave. (Id.) On December 18, 2015, after extensive briefing and oral argument, the Court denied Plaintiff's Motion for Leave. (Id. at ¶ 20) Plaintiff then filed a Petition for Writ of Mandate on the Court's denial of the Motion for Leave, which also was denied. (Id.)

**2.    The Parties Conduct Discovery And Depositions.**

The parties engaged in extensive discovery in this action. (Strickland Decl., at ¶ 21.) During the course of the litigation, Plaintiff propounded the following discovery to WSI: (1) five sets of requests for production of documents requesting 47 categories of documents; (2) one set of form interrogatories propounding 14 interrogatories; (3) two sets of special interrogatories propounding 16 interrogatories to WSI; and (4) one set of ten requests for admission of genuineness of documents. (Id.) In total, WSI produced over 4,100 documents totaling over 23,000 pages in response to Plaintiff's requests. (Id.)

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

During the litigation, WSI propounded the following discovery to Plaintiff: (1) two sets of requests for production of documents requesting 100 categories of documents; and (2) one set of requests for admission propounding 26 requests for admission. (Id. at ¶ 22.)  In total, Plaintiff produced over 3,300 documents totaling over 18,000 pages in response to WSI's requests. (Id.)

Defense of the action required a total of 22 total depositions. (Id. at ¶ 23.)  Plaintiff produced four witnesses. (Id.)  Because Plaintiff did not name Hyatt as a defendant in the initial complaint and because Plaintiff's pleadings with respect to Hyatt were not finalized for over one year after filing the initial complaint, two of Plaintiff's witnesses were deposed a second time by Hyatt. (Id.)  WSI produced five witnesses and Hyatt produced four witnesses (one of whom was deposed twice). (Id.)  Additionally, the parties deposed four third-party witnesses and two expert witnesses. (Id.)  These depositions were taken at various locations across the United States, including: Washington, D.C., Chicago, IL, Minneapolis, MN, New York, NY, Austin, TX, San Francisco, CA, Irvine, CA and Los Angeles, CA. (Id. at ¶ 27.)

To obtain necessary discovery, WSI also was required to propound seven subpoenas to third-parties, three of which required WSI to obtain commissions to take depositions outside of California. (Id. at ¶ 24.)  In response to these subpoenas and a third-party subpoena issued by Plaintiff, third-parties produced over 7,400 documents totaling almost 40,000 pages.[1] (Id.)  In addition, Hyatt produced approximately 400 documents totaling over 2,000 pages in response to requests for production, which WSI was required to review in detail. (Id. at ¶ 26.)

### 3. The Parties Move For Summary Judgment And/Or Adjudication.

On February 22, 2016, WSI Defendants moved for summary judgment, or in the alternative, summary adjudication ("WSI Defendants' MSJ"), seeking summary judgment on all five causes of action in which they were named. (Strickland Decl., at ¶ 28.)  WSI Defendants' MSJ required extensive factual and legal research and briefing with supporting declarations.  For example, the Separate Statement submitted in connection with WSI Defendants' MSJ contained over 160

---

[1]  In addition, Plaintiff propounded a deposition subpoena to Stroock & Stroock & Lavan LLP ("Stroock"), counsel for WSI, which required a response from Stroock. (Id. at ¶ 25.)

- 4 -

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

undisputed facts. (Id.) Hyatt also moved for summary judgment on Plaintiff's sole remaining claim for fraud ("Hyatt's MSJ"). (Id. at ¶ 29.)

In addition, Plaintiff moved for summary adjudication on the ground that WSI Defendants breached their duties of disclosure ("Plaintiff's MSA"), also requiring extensive briefing by WSI Defendants.[2] (Id. at ¶ 30.)

After extensive briefing by all parties, on May 23, 2016, the Court heard the three motions. (Id. at ¶ 32.) The Court granted WSI Defendants' MSJ as to the claims for fraud and negligent misrepresentation, thereby eliminating the claims and dismissing Wheelock from the action. (Id.) The Court granted Hyatt's MSJ, thereby dismissing Hyatt from the action. (Id.) Finally, the Court denied Plaintiff's MSA. (Id.)

### 4. The Parties Designate Experts.

On April 27, 2016, the parties exchanged expert designations. (Strickland Decl., at ¶ 33.) WSI designated two experts – a hospitality expert and an expert with a focus on damages. (Id.) Plaintiff initially designated a damages expert, but supplemented its expert designation with a hospitality expert as well. (Id.) WSI spent substantial time preparing its two experts to opine on numerous complex issues that would be addressed at deposition and trial (including rebutting the anticipated opinions of Plaintiff's disclosed expert witnesses). (Id. at ¶ 34.)

On June 21, 2016, shortly before any expert depositions were held, but after WSI's counsel spent significant time preparing its experts, at Plaintiff's request, the parties stipulated to bifurcate any accounting issues into a second trial phase. (Id. at ¶ 35.) Accordingly, the parties agreed to postpone the depositions of the damages experts until after the first phase of the trial, if necessary. (Id.) Both parties' hospitality experts appeared for depositions and testified at trial. (Id.)

### 5. The Court Conducts A Bench Trial.

On June 24, 2016, Plaintiff filed a Request for Dismissal, dismissing the breach of contract and breach of implied covenant claims against WSI, leaving a single remaining claim for specific performance against WSI. (Strickland Decl., at ¶ 36.)

---

[2] WSI Defendants also filed a motion to seal certain unredacted documents submitted in connection with Plaintiff's MSA. (Id. at ¶ 31.)

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

On September 7, 2016, the bench trial began. (Id. at ¶ 37.) Prior to trial, Plaintiff pre-marked approximately 120 exhibits. (Id. at ¶ 38.) The parties met and conferred several times to resolve, to the extent possible, objections to various exhibits and to eliminate duplicative exhibits. (Id.) WSI pre-marked approximately 380 exhibits. (Id.) At the conclusion of trial, approximately 250 exhibits were admitted into evidence. (Id.) The parties called eight live witnesses to testify, including two expert witnesses.[3] (Id. at ¶ 39.) The parties also submitted jointly designated portions of deposition testimony for eight witnesses located out of state. (Id. at ¶ 40.) Pursuant to an agreement between the parties, WSI took responsibility for preparing the joint designations, which required WSI to review and highlight the designated portions of the testimony and prepare hard copies of the deposition transcripts for both the Court and Plaintiff's counsel. (Id.)

In addition, the parties submitted an edited video transcript of one witness who was unavailable to attend the trial, based on the parties' joint designations. (Id. at ¶ 41.) WSI did not learn of this witness's unavailability until after extensive preparation for his cross-examination. (Id.) Again, pursuant to the parties' agreement, WSI took responsibility for editing the video transcript and preparing discs of the deposition for both the Court and Plaintiff's counsel. (Id.) WSI also prepared exhibit binders for the video deposition for both the Court and Plaintiff's counsel, so that everyone could follow along with the video transcript. (Id.)

### 6.     Plaintiff Objects To The Statement Of Decision.

On October 11, 2016, after a nearly-month long trial, the Court issued its tentative ruling in which it found that Plaintiff failed to establish an express or implied breach of the SPA, and therefore ordered judgment for WSI. (Strickland Decl., at ¶ 42.)

On October 17, 2016, Plaintiff requested a Statement of Decision. (Id. at ¶ 43.) On October 27, 2016, WSI filed its Response to Plaintiff's Request and its own Request for Statement of Decision. (Id.) On November 14, 2016, the Court issued a minute order, instructing WSI to prepare a Proposed Statement of Decision and Proposed Judgment. (Id. at ¶ 44.) On November 21, 2016, WSI lodged a Proposed Statement of Decision and Proposed Judgment with the Court.

---

[3] During the trial, WSI also submitted a pocket brief on the admissibility of expert witness testimony, which included factual and legal research. (Id. at ¶ 39.)

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

(Id.) On December 6, 2016, Plaintiff filed an Objection to the Proposed Statement of Decision. (Id. at ¶ 45.) On December 22, 2016, the Court signed the Statement of Decision and entered judgment for WSI. (Id. at ¶ 46.)

## III.    LEGAL ARGUMENT

### A.    WSI Is Entitled To Recover Its Fees And Costs On The Contract Claims.

Pursuant to Civil Code section 1717, the prevailing party is entitled to reasonable attorneys' fees and costs where the contract specifically provides for such fees. Cal. Civ. Code § 1717(a). Subject to limited exceptions identified in the statute, "the party prevailing on the contract shall be the party who received a greater relief in the action on the contract." Cal. Civ. Code § 1717(b)(1). "When a party obtains a simple, unqualified victory by completely prevailing on or defeating all contract claims in the action and the contract contains a provision for attorney fees, section 1717 entitles the successful party to recover reasonable attorney fees incurred in prosecution or defense of those claims." Scott Co. of Cal. v. Blount, Inc., 20 Cal. 4th 1103, 1109 (1999); see also Hsu v. Abbara, 9 Cal. 4th 863, 876 (1995) ("when a defendant defeats recovery by the plaintiff on the only contract claim in the action, the defendant is the party prevailing on the contract under section 1717 as a matter of law.").

Here, it is indisputable that WSI is the prevailing party. Judgment was entered in WSI's favor and Plaintiff recovered nothing. Thus, WSI is entitled to recover its fees and costs on the contract claims. Indeed, the Judgment specifically provides that "WSI may recover costs and fees as provided by the parties' contract and by law."

### B.    WSI Also Is Entitled To Recover Its Fees And Costs On The Tort Claims.

Under California Code of Civil Procedure section 1021, "[e]xcept as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties." Cal. Civ. Proc. Code § 1021. Courts have interpreted section 1021 as allowing parties to "validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or in contract." Xuereb v. Marcus & Millichap, Inc., 3 Cal. App. 4th 1338, 1341 (1992); see also Brown Bark III, L.P. v. Haver, 219 Cal. App. 4th 809, 820

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

(2013) ("The parties to a contract are free to agree that one or more of them shall recover their attorney fees if they prevail on a tort or other noncontract claim, but the right to recover those fees depends solely on the contractual language."). "If the attorney fee provision is broad enough to encompass contract and noncontract claims, in awarding fees to the prevailing party it [is] unnecessary to apportion fees between those claims." Maynard v. BTI Grp., Inc., 216 Cal. App. 4th 984, 992 (2013); see also Cruz v. Ayromloo, 155 Cal. App. 4th 1270, 1277 (2007) (same).

Here, the SPA includes a broad attorneys' fees provision providing that the prevailing party is entitled to attorneys' fees if either party "engage[s] the services of counsel for the purpose of enforcing any of the rights or remedies of said party hereunder or under any Closing Document (or defend itself in any proceeding brought against it by the other party)." (Strickland Decl., Ex. A at § 17.05.) Stated simply, because WSI engaged counsel to (1) enforce its rights under the SPA and (2) defend against any proceeding, it is entitled to its fees and costs.

There can be no doubt that WSI engaged counsel for the purpose of defending itself in a proceeding brought by Plaintiff. The broad "any proceeding" language found in the attorneys' fees clause is essentially identical to clauses that apply to "any dispute." Courts routinely find that attorneys' fees clauses that apply to "any dispute" are broad enough to cover both contract and tort claims. See Maynard, 216 Cal. App. 4th at 993 (stating that "an attorney fee provision awarding fees based on the outcome of 'any dispute' encompasses all claims, whether in contract, tort or otherwise."); Thompson v. Miller, 112 Cal. App. 4th 327, 336 (2003) (finding attorneys' fees clause that applied to "any dispute under" the agreement applied to tort claims); Miske v. Bisno, 204 Cal. App. 4th 1249, 1259 (2012), as modified on denial of reh'g (May 3, 2012) (finding attorney fee provision that provided "if any dispute arises" was broad enough to cover fraud claim); Gonzales v. Pers. Storage, Inc., 56 Cal. App. 4th 464, 480 (1997), as modified on denial of reh'g (Aug. 7, 1997) (finding clause that provided for attorneys' fees in "any legal action" applied to tort claims); Chinn v. KMR Prop. Mgmt., 166 Cal. App. 4th 175, 183 (2008) (disapproved of on other grounds in deSaulles v. Cmty. Hosp., 62 Cal. 4th 1140 (2016)) (finding provision which provided attorneys' fees in "any legal action or proceeding" to be "exceptionally broad" and not limited to contract claims).

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

In addition, not only did WSI engage counsel for the purpose of defending against a proceeding, but WSI also engaged counsel for the purpose of defending its rights under the SPA, thus triggering the first part of the attorneys' fees provision. For example, WSI argued in WSI Defendants' MSJ that Plaintiff's fraud claim was barred by the express terms of the SPA. (WSI Defendants' MSJ at p. 18:5-6.) In addition, in opposing Plaintiff's MSA on the issue of whether WSI had a duty of disclosure, WSI argued that, based on the plain language of the SPA, it had no duty of disclosure once the SPA expired on July 17, 2014. (WSI's Opposition to Plaintiff's MSA at pp. 12:2-13:4.) Thus, WSI's defenses to the tort claims were based on the SPA.

Moreover, even if the attorneys' fees provision does not apply to tort claims (it does), WSI still would be entitled to its requested fees, as the contract claims and fraud claims were "inextricably intertwined, making it impracticable, if not impossible to separate the multitude of conjoined activities into compensable or noncompensable time units." Abdallah v. United Sav. Bank, 43 Cal. App. 4th 1101, 1111 (1996), as modified on denial of reh'g (Mar. 22, 1996) (internal citations omitted). Here, Plaintiff's contractual theories of liability were wholly enmeshed in Plaintiff's tort claims, such that it would be impossible to separate the time WSI's counsel spent on the contract versus the tort claims. For example, Plaintiff alleged WSI breached Section 4.11 of the SPA by failing to require Hyatt to provide Plaintiff with a completed Mutual Estoppel Certificate. (SAC, at ¶ 141.) Similarly, Plaintiff's negligent misrepresentation claim was premised upon Hyatt's purported failure to provide a completed Mutual Estoppel Certificate. (Id. at ¶¶ 193, 195, 196, 200, 202.) In addition, Plaintiff alleged WSI breached Section 5.01(c) of the SPA by failing to disclose Hyatt's failure to renew. (Id. at ¶ 142.) Likewise, Plaintiff's fraud claim alleged that WSI fraudulently concealed Hyatt's failure to renew. (Id. at ¶ 162.) Finally, Plaintiff alleged WSI breached Section 10.01(d) of the SPA by failing to restrain Hyatt from modifying the Management Agreement. (Id. at ¶ 143.) In its fraud claim, Plaintiff alleged that WSI "lied" by not complying with Section 10.01(d). (Id. at ¶ 163.) Thus, it is clear that issues in the contract and tort claims are inextricably intertwined. [4]

---

[4] Similarly, the Court need not apportion fees between Wheelock and WSI because "[a]llocation of fees incurred in representing multiple parties is not required when the liability of the parties is so

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 9 -

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

Notably, Plaintiff itself concedes that the SPA provides for attorneys' fees for its tort claims, as it specifically alleged in its SAC that it was entitled to attorneys' fees for these claims. (SAC, at ¶¶ 171, 204, Prayer for Relief, at p. 37.)

**C.      WSI Should Be Awarded Attorneys' Fees And Costs In The Amount Of $4,725,203.65.**

The reasonableness of fees is determined by the "lodestar" method, whereby the court first determines a reasonable number of hours for the work expended and multiplies those hours by a reasonable hourly rate. PLCM Grp., Inc. v. Drexler, 22 Cal. 4th 1084, 1095 (2000). "California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award." Id. "The reasonable hourly rate is that prevailing in the community for similar work." Id. A court may consider other factors as they bear upon the reasonableness of a fee award, including "the nature of the litigation, its difficulty, the amount involved, the skill required in its handling, the skill employed, the attention given, the success or failure, and other circumstances in the case." Id. at 1096. "Trial judges are entrusted with this discretionary determination because they are in the best position to assess the value of the professional services rendered in their courts." Christian Research Inst. v. Alnor, 165 Cal. App. 4th 1315, 1321 (2008).

Submissions regarding attorneys' fees can be made by declaration of counsel. See Mardirossian & Assocs, Inc. v. Ersoff, 153 Cal. App. 4th 257, 269 (2007) ("An attorney's testimony as to the number of hours worked is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records."); see also Weber v. Langholz, 39 Cal. App. 4th 1578, 1587 (1995) (affirming attorney fee award where counsel provided declaration under penalty of perjury, but did not include copies of billing statements). Here, WSI is seeking $4,604,373.25 in attorneys' fees, consisting of $2,179,013.25 and 4,289.4 hours by Stroock and $2,425,360.00 and 4394.40 hours by Brewer Attorneys & Counselors ("Brewer").

factually interrelated that it would have been impossible to separate the activities ... into compensable and noncompensable time units. [Citation.]'" Cruz, 155 Cal. App. 4th at 1277.

- 10 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

### 1.    The Number Of Hours Claimed By WSI Is Reasonable.

The hours WSI's counsel spent in connection with this matter are reasonable given the length and adversarial nature of the litigation, the complexity of the legal and factual issues involved, the amount of damages at stake if Plaintiff succeeded on compelling WSI to sell the property, as well as the history of extensive litigation, discovery and depositions involving the parties.  In the SAC, Plaintiff sought over $11 million[5] in damages against WSI, plus attorneys' fees.  (SAC, at p. 37.)  Moreover, had Plaintiff been successful in obtaining specific performance, Plaintiff sought to recover not only the property, but also substantial amounts for rents and profits from the time Plaintiff allegedly was entitled to a conveyance.  See Ellis v. Mihelis, 60 Cal. 2d 206, 219 (1963).  Plaintiff's claims raised numerous complex issues of fact and law, including but not limited to: (1) whether the limitations clause in the SPA was enforceable; (2) whether the discovery rule tolled the limitations clause; (3) whether WSI had a duty to disclose an unknown fact (i.e., Hyatt's non-renewal); (4) whether Hyatt was WSI's agent with respect to the Management Agreement; (5) whether Hyatt's failure to renew constituted an amendment or modification of the Management Agreement; (6) whether the SPA's "time is of the essence" clause was enforceable; (7) whether WSI was estopped from relying on the SPA's termination provision; (8) whether Plaintiff's claims were barred by the doctrine of unclean hands due to Mr. Michaels' conduct; and (9) whether there was adequate consideration for the $39 million purchase price.  (Strickland Decl., at ¶ 70.)  Indeed, the fact that Plaintiff sought to file four versions of the complaint and filed a Writ of Mandate with the appellate court seeking to add claims under additional legal theories not only demonstrates the complexity of the legal issues involved, but also highlights Plaintiff's vigorous pursuit of the litigation.

The accompanying Strickland and Smith Declarations attach summaries of the number of hours expended by each attorney, paralegal and other personnel for each month since the inception of the parties' dispute through December 23, 2016 – the date of Notice of Entry of Judgment –

---

[5]  The $11 million figure in Plaintiff's SAC was based on the difference in the price negotiated in the SPA and the estimated increase in the value of the property as of October 2014.  (See SAC, at ¶ 8.)  However, since Plaintiff initiated the litigation, commercial property values in California have continued to rise, making the value of the hotel and the amount of money at issue substantially greater than $11 million.

- 11 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

including a description of the tasks performed by the timekeepers for each month. (Strickland Decl., at Ex. D; Declaration of Michael L. Smith ("Smith Decl."), at Ex. A.) It should be noted that WSI took a conservative approach in preparing the monthly summaries by excluding billing entries from a number of timekeepers, including 11 attorneys, 2 summer associates, 4 paralegals and over 10 other personnel, amounting to over $242,902.50 in fees. (Strickland Decl., at ¶ 68; Smith Decl., at ¶¶ 9, 22.) The entries which were excluded included tasks that could arguably be classified as either administrative or duplicative. (Id.) WSI also excluded entries for 108.2 hours amounting to $34,851.85 in fees for work related solely to Plaintiff's Notice of Appeal of Wheelock's dismissal. (Strickland Decl., at ¶ 68; Smith Decl., at ¶ 23.)

While two firms were involved in the litigation on behalf of WSI, each of these firms served their own separate and independent functions. Specifically, beginning after the ruling on the first Demurrer, Brewer was primarily responsible for overseeing the litigation from a global perspective, taking and defending depositions, reviewing discovery and drafting and opposing motions, including the motions for summary judgment. (Smith Decl., at ¶ 42.) Stroock was primarily responsible for the Venue Motion, the first Demurrer and for performing discrete tasks at Brewer's direction, including assisting with motion drafting and related research, assisting with discovery requests and responses and finalizing all filings with the Court. (Strickland Decl., at ¶ 72.) Stroock's litigation support specialists were also responsible for processing and managing all documents received and produced in discovery. (Id.) After the Court dismissed the tort claims on summary judgment and Plaintiff voluntarily dismissed its breach of express and implied contract claims, thereby converting what the parties had thought was going to be a jury trial on multiple claims to a bench trial on a single claim, Stroock was almost entirely responsible for the bench trial and related preparation. (Id.) This included taking and defending expert depositions, preparing witnesses, creating exhibit lists and conducting the actual trial and related trial briefing. (Id.) WSI's counsel handled the issues efficiently and did not duplicate efforts.

WSI respectfully submits that the detailed Strickland and Smtih Declarations, as well as the Court's observations of the litigation and trial, support the fees claimed. See G.R. v. Intelligator, 185 Cal. App. 4th 606, 620-21 (2010) (trial court, having reviewed defendant's briefing, can

- 12 -
NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS
NY 76424493

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

determine whether it "fairly represented" the hours claimed); Piping Rock Partners, Inc. v. David Lerner Assocs., Inc., No. 12-CV-04634-SI, 2015 WL 4932248, at *5 (N.D. Cal. Aug. 18, 2015) (granting defendant's motion for attorneys' fees because it was not inherently unreasonable for defendant to employ two law firms in defending action); Perfect 10, Inc. v. Cybernet Ventures, Inc., No. CV 01-2595 LGB (SHX), 2004 WL 7320714 (C.D. Cal. Feb. 17, 2004) (reasonable attorneys' fees were recoverable by two different law firms employed by plaintiff in prevailing in contempt proceedings).

### 2.    The Requested Hourly Rates Are Reasonable.

WSI requests compensation for Stroock and Brewer's attorneys at the 2014-2016 commercial rates that were actually charged to WSI. "The reasonable hourly rate is that prevailing in the community for similar work." PLCM Grp., Inc., 22 Cal. 4th at 1095.

The accompanying declarations detail the credentials of the attorneys, paralegals and litigation support staff working on this matter and explain that their rates are reasonable and wholly consistent with prevailing market rates for personnel of comparable skill, experience and reputation. (Strickland Decl., at ¶¶ 51-65; Smith Decl., at ¶¶ 12-16, 19-21, 23-25.)

Indeed, Plaintiff cannot contest the reasonableness of the rates for WSI's counsel, as they are comparable to the rates charged by its own counsel. Notably, filings submitted by Plaintiff's counsel confirm that (1) Louis Miller's (a 1972 graduate) billing rate in 2012 was $950, as compared to Ms. Strickland's (a 1978 graduate) billing rate of $995 three years later in 2015; (2) Brian Procel's (a 2001 graduate) billing rate in 2015 was $725 per hour, as compared to Mr. Loftus' (a 1986 graduate) billing rate of $710 in 2015; (3) Mr. Procel's rate also is comparable to Mr. Smith's (a 2000 graduate) billing rate of $700 in 2015; (4) Mr. Whittaker's (a 2007 graduate) billing rate was $575 per hour, as compared to Mr. Astorina's (a 2007 graduate) billing rate of $525 in 2015; and (5) Mr. Whittaker's rate also is comparable to Ms. Jonelis' (a 2009 graduate) billing rate of $495 in 2015. (Strickland Decl., at ¶¶ 64-65, Ex. B at ¶ 26, Ex. C at ¶ 27.) Because the rates of Stroock and Brewer's attorneys are comparable to those charged by Plaintiff's counsel, Plaintiff cannot credibly dispute that the hourly rates are reasonable.

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

Mr. Brewer's billing rate of $1400 is also reasonable for attorneys practicing in Southern California. See Perfect 10, Inc. v. Giganews, Inc., No. CV 11-07098-AB SHX, 2015 WL 1746484, at *19 (C.D. Cal. Mar. 24, 2015) (relying on expert testimony indicating that Los Angeles area attorney hourly rates may exceed $1,400 per hour in approving fee request); Banas v. Volcano Corp., 47 F. Supp. 3d 957, 965 (N.D. Cal. 2014) (approving partner rate of $1,095 per hour); Wynn v. Chanos, No. 14-CV-04329-WHO, 2015 WL 3832561, at *2 (N.D. Cal. June 19, 2015) (approving partner hourly rates of $1,085 and $875 per hour); Logtale, Ltd. v. IKOR, Inc., No. 11-CV-05452-EDL, 2016 WL 7743405, at *1 (N.D. Cal. Oct. 14, 2016) (relying on Valeo database survey stating that rates for partners can range to $1,300 per hour).

Finally, the hourly rates of the paralegals, which range from $200-$295, and the support staff, which range from $275-$725, also are reasonable. See PSM Holding Corp. v. Nat'l Farm Fin. Corp., No. CV0508891MMMFMOX, 2015 WL 11652518, at *18 (C.D. Cal. May 19, 2015) (holding that paralegal rates ranging from $155 to $325 per hour were reasonable); NWS Corp. v. Dish Network, LLC, No. 13CV2247-GPC BGS, 2014 WL 769175, at *6 (S.D. Cal. Feb. 25, 2014), supplemented, No. 13CV2247-GPC BGS, 2014 WL 1323179 (S.D. Cal. Apr. 1, 2014) (approving paralegal hourly rate at $295 per hour); Kohler Co. v. DomainJet, Inc., No. 11-CV-1767 BEN KSC, 2013 WL 1411940, at *1 (S.D. Cal. Apr. 8, 2013) (approving requested paralegal fees at rates of $245, $240, $230, $200 and $175 per hour respectively, for five different paralegals staffed on case); Perfect 10, Inc., 2015 WL 1746484, at *20 (approving requested rates of $240 and $290 per hour for discovery support staff); Californians for Disability Rights v. Cal. Dep't of Transp., No. C 06-05125 SBA MEJ, 2010 WL 8746910, at *20 (N.D. Cal. Dec. 13, 2010), report and recommendation adopted sub nom. Californians for Disability Rights, Inc. v. Cal. Dep't of Transp., No. C 06-5125 SBA, 2011 WL 8180376 (N.D. Cal. Feb. 2, 2011) (approving billing rate of $245 per hour for legal technology manager).[6]

---

[6]  As explained in the Smith Declaration, two of the support staff with billing rates of $625 and $725 are credentialed consultants, one of whom has a Master's degree in economics and a M.B.A. and one of whom is a Certified Public Accountant and technology professional, thus possessing far more experience and responsibility than the technology managers and discovery support staff discussed in the above cases. (Smith Decl., at ¶¶ 19, 20.)

- 14 -

NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

### 3.    WSI's Litigation Expenses Are Reasonable.

The SPA provides that WSI is entitled to not only reimbursement for attorneys' fees, but also for "expenses and other costs of any such proceeding." (Strickland Decl., Ex. A at § 17.05.) Accordingly, WSI is not limited to reimbursement for the costs delineated in Section 1033.5(b) of the California Code of Civil Procedure. See Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co., 47 Cal. App. 4th 464, 492 (1996) ("While it is reasonable to interpret a general contractual cost provision by reference to an established statutory definition of costs, we do not discern any legislative intent to prevent sophisticated parties from freely choosing a broader standard authorizing recovery of reasonable litigation charges and expenses."); Thrifty Payless, Inc. v. Mariners Mile Gateway, LLC, 185 Cal. App. 4th 1050, 1066 (2010) (finding that where "sophisticated parties knowingly and intentionally negotiate a broader standard into their contract" for recovery of costs, "the intent of the parties should be upheld by the court.").

Despite the parties' broad agreement for recovery of costs, WSI is only requesting $120,830.40 in costs, as set forth in the Strickland Declaration and the exhibit attached thereto. (Strickland Decl., ¶ 75; Ex. E.) Notably, WSI is not seeking travel and hotel costs associated with depositions or trial, despite the fact that it is entitled to these costs under the SPA.

### IV.    CONCLUSION

For the foregoing reasons, WSI respectfully requests that this Court award it attorneys' fees and costs as the prevailing party in this action in the amount of $4,725,203.65.

Dated:  February 21, 2017

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
JOHN R. LOFTUS
CRYSTAL Y. JONELIS

BREWER, ATTORNEYS & COUNSELORS
MICHAEL L. SMITH (Admitted Pro Hac Vice)

By: _____
Julia B. Strickland

Attorneys for Defendant
WSI (II) - HWP, LLC

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

- 15 -

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

# PROOF OF SERVICE

STATE OF CALIFORNIA      )
                       )   ss
COUNTY OF LOS ANGELES   )

      I am employed in the County of Los Angeles, State of California, over the age of eighteen years, and not a party to the within action. My business address is: 2029 Century Park East, Los Angeles, CA 90067-3086.

      On February 21, 2017, I served the foregoing document(s) described as: **NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES AND COSTS IN THE AMOUNT OF $4,725,203.65** on the interested parties in this action as follows:

### SEE ATTACHED SERVICE LIST

☐   **(VIA PERSONAL SERVICE)** By causing the document(s), in a sealed envelope, to be delivered to the person(s) at the address(es) set forth above.

☐   **(VIA U.S. MAIL)** In accordance with the regular mailing collection and processing practices of this office, with which I am readily familiar, by means of which mail is deposited with the United States Postal Service at Los Angeles, California that same day in the ordinary course of business, I deposited such sealed envelope, with postage thereon fully prepaid, for collection and mailing on this same date following ordinary business practices, addressed as set forth above.

☑   **(VIA E-MAIL)** Based on a court order or an agreement of the parties to accept service by e-mail, I caused the documents to be sent to the persons at the e-mail addresses listed in the attached Service List.

☑   **(VIA OVERNIGHT DELIVERY)** By causing the document(s), in a sealed envelope, to be delivered to the office of the addressee(s) at the address(es) set forth above by overnight delivery via Federal Express, or by a similar overnight delivery service.

      I declare that I am employed in the office of a member of the bar of this court, at whose direction the service was made.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      Executed on February 21, 2017 at Los Angeles, California.

Karen Nyhus
_____      _____
[Type or Print Name]                [Signature]

PROOF OF SERVICE

NY 76424493

STROOCK & STROOCK & LAVAN LLP
2029 Century Park East
Los Angeles, California 90067-3086

## SERVICE LIST

Louis R. Miller
Brian A. Procel
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, CA 90067
Fax: 310-552-8400
Email: bprocel@millerbarondess.com;
kwhittaker@millerbarondess.com
*Attorneys for Plaintiff*
***Via E-Mail Service***

Daniel Sasse
Daniel Glassman
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614-8505
Fax: 949-263-8414
Email: dsasse@crowell.com;
dglassman@crowell.com
*Attorneys for Defendant*
*Hyatt Corporation*
***Via Overnight Delivery***

William A. Brewer III
Michael L. Smith
BREWER, ATTORNEYS & COUNSELORS
750 Lexington Avenue, 14th Floor
New York, NY 10022
Telephone: 212-489-1400
Fax:          212-489-2384
Email: wab@brewerattorneys.com
saa@brewerattorneys.com
*Attorneys for Defendants*
***Via Overnight Delivery***

PROOF OF SERVICE

NY 76424493